NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH FOURNIER,<br><br>        Petitioner,<br><br>    v.<br><br>DEVON BROWN, et al.,<br><br>        Respondents. | Civ. No. 03-4498 (WGB)<br><br>**O P I N I O N** |

**APPEARANCES:**

    JOSEPH FOURNIER, Petitioner Pro Se
    Special Treatment Unit
    30-35 Hackensack Avenue
    Post Office Box 699
    Kearny, New Jersey 07032

    JOHN L. MOLINELLI
    Bergen County Prosecutor, Attorney for Respondents
    Bergen County Justice Center
    Hackensack, New Jersey 07601

**BASSLER, SENIOR DISTRICT JUDGE:**

Petitioner Joseph Fournier ("Fournier") seeks a writ of habeas corpus from this Court pursuant to 28 U.S.C. § 2254 as against Devon Brown, the Commissioner of the New Jersey Department of Corrections, Ralph G. Marcantonio, Jr., the Assistant Superintendent of the Special Treatment Unit, and Dr. Glen Ferguson, the Director of the Special Treatment Unit ("Respondents"). For the reasons stated in this Opinion,

Fournier's petition for a writ of habeas corpus is **dismissed with prejudice**.

I.   FACTUAL BACKGROUND

A New Jersey jury convicted Fournier of four counts of endangering the welfare of a child in the third degree in violation of N.J.S.A. 2C:24-4a ("child endangerment") and four counts of lewdness in the fourth degree in violation of N.J.S.A. 2C:14-4b in an April, 1995 trial.  (Resp't's Ex. 1 at 14a.)  Fournier was sentenced to a seven-year term for the second of the four child endangerment counts, during the first third of which he would be ineligible for parole.  (Id.)  On the first child endangerment count, he was sentenced to a consecutive four-year term, to run concurrently with four-year terms imposed for the final two child endangerment counts.  Id.  Concurrent eighteen-month terms were imposed for each of the four lewdness counts.  Id.

On appeal, the Appellate Division affirmed Fournier's convictions in a November 17, 1998 unpublished decision.  (Id. at 12.)  It did remand the case, however, instructing the trial court to merge Fournier's lewdness convictions into his child endangerment convictions and to amend the judgment of conviction so that the terms for the child endangerment convictions ran concurrently.  Id.

After the Appellate Division affirmed Fournier's

convictions, he filed a petition for certification with the Supreme Court of New Jersey, (Resp't's Ex. 6), which that court denied on November 24, 1999, (Resp't's Ex. 9).

Having failed to overturn his convictions through this direct review, Fournier filed a petition for state post-conviction relief on May 31, 2000. (Resp't's Ex. 10 at 51a-71a.) The Superior Court denied this petition in a December 18, 2000, order. (Id. at 75a.) In response to the Appellate Division's May 6, 2003 affirmation of this denial, (Resp't's Ex. 13 at 5), Fournier again filed a petition with the Supreme Court of New Jersey for certification, which was denied on July 25 of that year, (Resp't's Ex. 16).

While Fournier's appeal from the denial of post-conviction relief was pending, the sentence for the lewdness and child endangerment convictions was itself set to expire. Fournier's scheduled release date from prison was December 7, 2001. In re Commitment of JJF, 839 A.2d 922, 925 (N.J. Super. Ct. App. Div. 2003), cert. denied, 845 A.2d 1255 (N.J. Sup. Ct. 2004). Anticipating Fournier's release, the New Jersey Attorney General filed a petition in the Superior Court on November 28, 2001 seeking his involuntary civil commitment as a "sexually violent predator" pursuant to the New Jersey Sexually Violent Predator Act ("the Act"), N.J.S.A. 30:4-27.24 et seq. (Resp't's Ex. 26 at 11.) According to the Act, the Attorney General had to establish

3

that Fournier satisfied the criteria for a "sexually violent predator," which it defines as a "person who has been convicted . . . for commission of a sexually violent offense and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26.  The Act defines "sexually violent offense" as including "aggravated sexual assault; sexual assault; aggravated criminal sexual contact . . . [and] criminal sexual contact."  Id.

To meet this statutory threshold the Attorney General demonstrated that Fournier had committed sexually violent offenses, noting that "[he] was convicted in Bergen County on October 7, 1985 of criminal sexual contact [in violation of N.J.S.A. 2C:14-3b] and aggravated sexual assault [in violation of N.J.S.A. 2C:14-2a1] and was sentenced to a term of twenty years on January 31, 1986."  (Resp't's Ex. 26 ¶ 5.)  Based on these 1985 convictions for sexually violent offenses and upon two "clinical certificates for a sexually violent predator" presented by psychiatrists, the Superior Court ordered on December 5, 2001 that Fournier be temporarily committed to the Special Treatment Unit pending a final hearing on the need for his continued

4

involuntary commitment.[1] (Resp't's Ex. 27 at 2.)

At the final civil commitment hearing, which was conducted on April 16 and June 11 of 2002, the Superior Court ordered that Fournier's temporary commitment be made permanent.[2] (Resp't's Ex. 29 at 92.) Fournier appealed his involuntary commitment and, on November 18, 2002, the Appellate Division granted his request for a temporary remand in light of a then recent New Jersey Supreme Court decision interpreting the Act's standard for civil commitment, In re Commitment of W.Z., 173 N.J. 109 (N.J. Sup. Ct. 2002). In re Commitment of JJF, 839 A.2d at 926. On December 6, 2002 and January 16, 2003, the Superior Court conducted a hearing that served both as the reconsideration of Fournier's initial civil commitment, on temporary remand from the Appellate Division, and as his review hearing.[3] Id. It upheld Fournier's commitment under the In re Commitment of W.Z. standard and

---

[1] Under the Act, "[the] Attorney General may initiate a court proceeding for involuntary commitment . . . of an inmate who is scheduled for release upon expiration of a maximum term of incarceration by submission to the court of two clinical certificates for a sexually violent predator, at least one of which is prepared by a psychiatrist." N.J.S.A. 30:4-27.28c.

[2] The final hearing should have been held "within 20 days from the date of the temporary commitment order." N.J.S.A. 30:4-27.29a. Fournier waived this 20-day hearing date on December 7, 2001. (Resp't's Ex. 28 at 3.)

[3] Although Fournier had been committed, he remained entitled to "an annual court review hearing of the need for [continued] involuntary commitment as a sexually violent predator." N.J.S.A. 30:4-27.35.

extended his commitment to the Special Treatment Unit.  Id. at 926-928.  Fournier appealed the trial court's extension of his commitment and its decision on temporary remand that his initial commitment had been proper.  Id. at 928.  Fournier's appeals were consolidated and decided in In re Commitment of JJF, which affirmed Fournier's commitment while remanding with instructions to the Superior Court for future hearings on his release from the Special Treatment Unit.[4]  Id. at 932.  At Fournier's most recent review hearing, which was held on July 6 and July 7 of 2004, the Superior Court again continued Fournier's commitment.  (Resp't's Ex. 33 at 25-26.)

After his civil commitment pursuant to the Act, Fournier filed the petition for a writ of habeas corpus under consideration here on September 15, 2003.  He contends that he is in the respondents' custody pursuant to his 1995 convictions for child endangerment and lewdness.  (Pet'r's Habeas Pet. ¶ 1.)  Fournier further alleges that the respondents "have utilized the [1995] judgment of conviction here under attack to continue their unlawful confinement and restraints upon [his] liberty by civil commitment."  (Id. at ¶ 2.)

---

[4] In total, three appeals were consolidated on May 14, 2003.  In re Commitment of JJF, 839 A.2d at 928.  They included Fournier's appeal from his initial commitment in June, 2002, Appeal 1, his appeal from the Superior Court's decision on temporary remand that the June, 2002 commitment had been proper, Appeal 3, and his appeal of the order that had continued his commitment, Appeal 2.  Id.

In their April 1, 2004 answer, the respondents invoke the affirmative defense that this court lacks jurisdiction to review the 1995 convictions that Fournier challenges in his habeas petition.  (Resp't's Answer at 16.)  For this court to entertain jurisdiction, they reason, Fournier would have had to have been in custody under the 1995 convictions at the time he filed the habeas petition.  (Id. at 18.)  Because Fournier's confinement is based upon the Superior Court's order of civil commitment, the respondents allege that he fails to satisfy the custodial requirement necessary to this court's jurisdiction.  The respondents also emphasize that Fournier's civil commitment as a sexually violent predator is not based on his 1995 convictions, but rather on 1985 convictions.  Id. at 17-18.[5]

## II.  APPLICABLE LAW

A federal district court may exercise its jurisdiction over a petition for a writ of habeas corpus only on "the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  When the Supreme Court interpreted this custody requirement in Maleng v. Cook, 490 U.S. 488, 492 (1989), it held that a petitioner was not "in custody" under a 1958 conviction whose

---

[5]Respondents note that "none of the [1995] convictions contained within the judgment of conviction under attack here qualify petitioner as a 'sexually violent predator' as defined in N.J.S.A. 30:4-27.26."  (Resp't's Answer ¶ 2.)

7

sentence had expired merely because that conviction had increased the mandatory minimum sentences for the petitioner's 1978 convictions pursuant to a state sentencing scheme.  Petitioner Cook had filed a habeas petition in 1985 that attacked his 1958 conviction based on the argument that he had not then been competent to stand trial.  Id. at 489-490.  Because Cook's sentence for the 1958 conviction had expired in 1978, the Supreme Court held that he was not "in custody" under it because "he suffer[ed] no present restraint from [that] conviction."  Id. at 492.  Where a habeas petition attacks a conviction whose sentence has already expired as of the date of its filing, then, a district court lacks jurisdiction over the petition.

III.    DISCUSSION

Fournier's 2003 petition for a writ of habeas corpus challenges 1995 convictions whose sentences expired on December 7, 2001; he is therefore not "in custody" under these convictions for the purpose of invoking this court's jurisdiction pursuant to 28 U.S.C. 2254(a).  Like the Maleng v. Cook petitioner, the sentence for Fournier's 1995 convictions for child endangerment and lewdness had expired as of his habeas petition's filing and he suffers no present restraints from them.[6]  Indeed, it was

---

[6]The fact that the Superior Court's order of Fournier's civil commitment was partly based upon 1985 convictions rather than the 1995 convictions attacked here underscores the point that these 1995 convictions impose no present restraints upon him.

because these convictions were nearing their expiration in November, 2001 that the Attorney General of New Jersey successfully petitioned the Superior Court for Fournier's civil commitment, pursuant to the Sexually Violent Predator Act, based on a different set of expired convictions from 1985.

Because the sentence imposed for the 1995 convictions that Fournier challenges in his petition expired in 2001 and because he suffers no present restraints due to those convictions, he is not "in custody" pursuant to 28 U.S.C. § 2254(a) and this Court therefore lacks jurisdiction over his petition.

IV. CONCLUSION

For the above reasons, Fournier's petition for a writ of habeas corpus is **dismissed with prejudice**.


Dated: May 18, 2005


                                      /s/ William G. Bassler
                                      WILLIAM G. BASSLER, U.S.S.D.J.